```
              UNITED STATES DISTRICT COURT FOR THE
                    DISTRICT OF NEW HAMPSHIRE
```

William Schomburg

    v.                              Civil No. 06-cv-177-JD

Dell, Inc.

O R D E R

After losing his job at Dell, Inc., William Schomburg filed a charge with the Equal Employment Opportunity Commission ("EEOC") and brought suit, alleging claims under the Family and Medical Leave Act, Title I of the Americans with Disabilities Act ("ADA"), and state law.  Dell moves to dismiss the ADA claim on the ground that Schomburg has not exhausted his administrative remedies and moves to dismiss the state law claims as preempted by the ADA and as barred under the Workers' Compensation Law. Schomburg objects to the motion to dismiss.

I.  ADA Claim

Before a plaintiff may bring a claim under Title I of the ADA, he must first exhaust available administrative remedies. Bonilla v. Muebles J.J. Alvarez, Inc., 194 F.3d 275, 278 (1st Cir. 1999).  "Exhaustion has two key components:  the timely filing of a charge with the EEOC and the receipt of a right-to-sue letter from the agency."  Jorge v. Rumsfeld, 404 F.3d 556,

564 (1st Cir. 2005).  An unexcused failure to exhaust "bars the courthouse door."  Bonilla, 194 F.3d at 278.

Schomburg represents that he filed a charge with the EEOC and that the EEOC proceeding is ongoing.  He represents that the EEOC scheduled a mediation in his case for July 20, 2006, and that if mediation were unsuccessful, the EEOC would then issue him a right-to-sue letter.  Schomburg has not notified the court as to the outcome of the mediation or filed a right-to-sue letter from the EEOC.  Given his unexcused failure to exhaust the required administrative remedies, Schomburg's ADA claim is dismissed without prejudice to refile after completing the administrative process.[1]

II. Preemption

Dell argues that Schomburg's three state law claims should be dismissed because "they represent statutory claims brought under the ADA and/or FMLA."  Dell further argues that the state law claims are duplicative of the federal claims and asserts a preemption theory under state law.  In response, Schomburg cites

---

[1] Had Schomburg notified the court that he had received a right-to-sue letter following commencement of this action, his failure to first exhaust administrative remedies might have been excused because the requirement is obligatory but not jurisdictional.  Bonilla, 194 F.3d at 278.

the provision from Title VII, 42 U.S.C. § 2000e-7, pertaining to the application of state law in cases under that law.

As a beginning point, § 2000e-7 does not apply here where the federal claims are brought under the ADA and the FMLA, not Title VII.  The ADA, however, provides:

> Nothing in this chapter shall be construed to invalidate or limit the remedies, rights, and procedures of any Federal law or law of any State or political subdivision of any State or jurisdiction that provides greater or equal protection for the rights of individuals with disabilities than are afforded by this chapter.

42 U.S.C. § 12201(b).  The FMLA provides:  "Nothing in this Act or any amendment made by this Act shall be construed to supersede any provision of any State or local law that provides greater family or medical leave rights than the rights established under this Act or any amendment made by this Act."  29 U.S.C. § 2651. Neither Dell nor Schomburg addressed those provisions.

In addition, Dell makes only a general preemption argument supported by cases holding that federal statutes preempt state law claims of wrongful termination based on the same prohibited conduct.  Schomburg has not alleged a wrongful termination claim. Therefore, the preemption argument is not sufficiently developed to support Dell's motion.

III.  Workers' Compensation Law

Dell also moves to dismiss Schomburg's claim of negligent infliction of emotional distress as barred by the exclusivity provision of New Hampshire's Workers' Compensation law.  See RSA 281-A:8.  To prove that Schomburg's claim is barred, Dell must show:

> (1) that the injury arose out of employment by demonstrating that it resulted from a risk created by the employment; and (2) that the injury arose in the course of employment by demonstrating that (A) it occurred within the boundaries of time and space created by the terms of employment; and (B) it occurred in the performance of an activity related to employment, which may include a personal activity if reasonably expected and not forbidden, or an activity of mutual benefit to employer and employee.

Harrington v. Brooks Drugs, Inc., 148 N.H. 101, 105 (2002).  As Schomburg points out, the New Hampshire Supreme Court has held that compensation for emotional distress caused by an employer but occurring after the employee's termination from employment is not barred by the Workers' Compensation Law.  Porter v. City of Manchester, 151 N.H. 30, 44 (2004).

Dell has not shown that Schomburg's emotion distress claim is barred by the Workers' Compensation Law.

Conclusion

For the foregoing reasons, the defendant's motion to dismiss (document no. 5) is granted as to the plaintiff's ADA claim in Count II, which is dismissed without prejudice, but is otherwise denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

August 22, 2006

cc:  John E. Friberg, Jr., Esquire
     Bradley M. Lown, Esquire