```
            UNITED STATES DISTRICT COURT FOR THE
                   DISTRICT OF NEW HAMPSHIRE
```

William Schomburg

    v.                              Civil No. 06-cv-177-JD

Dell, Inc.

### O R D E R

William Schomburg brings federal claims under the Americans with Disabilities Act ("ADA") and the Family Medical Leave Act ("FMLA") and state law claims of breach of contract, misrepresentation, wrongful discharge, and negligent infliction of emotional distress. Dell moved to dismiss Schomburg's claim under the ADA because Schomburg had not exhausted administrative remedies at that time and moved to dismiss his state law claims "as an improper attempt to utilize common law causes of action relative to claims for which comprehensive statutory redress is available." Def. Mem. at 1 (document no. 5). The court granted Dell's motion as to Schomburg's ADA claim but denied the motion as to the state law claims. Dell moves for reconsideration of the denial of the motion as to the state law claims. Schomburg objects to Dell's motion.

Discussion

"[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." <u>Servants of the Paraclete v. Does</u>, 204 F.3d 1005, 1012 (1st Cir. 2000). "A motion for reconsideration . . . does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the [decision]." <u>Marks 3 Zet-Ernst Marks GmBh & Co. KG v. Presstek, Inc.</u>, 455 F.3d 7, 15 (1st Cir. 2006).

In its motion to dismiss, Dell argued that Schomburg's state law claims, breach of contract, misrepresentation, wrongful discharge, and negligent infliction of emotional distress, were really claims under the ADA or FMLA.[1]  Citing <u>Wenners v. Great St. Beverages, Inc.</u>, 140 N.H. 100, 103 (1995), and <u>Howard v. Dorr Woolen Co.</u>, 120 N.H. 295, 297-98 (1980), Dell asserted that the common law claims were not actionable because the statutory causes of action under the ADA and FMLA had replaced them.  The court denied that part of Dell's motion, noting the savings clauses in the ADA and the FMLA, which neither party had cited, and concluding that Dell's preemption argument was not sufficiently developed.

---

[1] The court acknowledges that it previously overlooked Schomburg's wrongful discharge claim.

Dell moves for reconsideration, arguing again that Schomburg's state law claims are preempted by the ADA and the FMLA and relying on the same cases in support of its argument. Although Dell presents its argument as preemption, it raises two separate issues, neither of which was adequately developed in the motion to dismiss or for purposes of reconsideration.

A.  <u>Wrongful Discharge</u>

To state a claim for wrongful discharge under New Hampshire law a plaintiff must allege:  "(1) the termination of employment was motivated by bad faith, retaliation or malice; and (2) that she was terminated for performing an act that public policy would encourage or for refusing to do something that public policy would condemn."  <u>Wenners v. Great State Beverages</u>, 140 N.H. 100, 103, 663 A.2d 623 (1995); <u>accord</u> <u>Porter v. City of Manchester</u>, 151 N.H. 30, 37-39 (2004) (providing history of wrongful discharge cause of action).  The second element "must focus on the acts of the employee and on their relationship to public policy, not on the mere articulation of a public policy by the employee."  <u>Frechette v. Wal-Mart Stores, Inc.</u>, 925 F. Supp. 95, 98 (D.N.H. 1995).  A <u>condition</u> that is protected by public policy, such as sickness, disability, and age, as distinguished from <u>acts</u> by the employee that are protected by public policy,

does not satisfy the second element of a wrongful discharge claim.[2]  See Howard v. Dorr Woolen Co., 120 N.H. 295, 297 (1980); see also Parker B. Potter, Jr., Revisiting the Scrap Heap:  The Decline and Fall of Smith v. F.W. Morse & Co., 4 Pierce Law Review 481, 486 (2006).

Schomburg's wrongful discharge claim merely articulates the legal elements of the claim, leaving Dell and the court to guess at what factual basis he intended to support the claim.  His general factual allegations suggest that he alleges his employment was terminated because he took leave under the FMLA.  Reliance on the FMLA, as an expression of public policy that would support his actions, does not bar Schomburg's wrongful discharge claim.  On the other hand, to the extent Schomburg alleges he was terminated based on a disability or illness, he fails to state that claim.  See Howard, 120 N.H. at 297.  Because it is not "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to

---

[2] Decisions of this court have at times broadly suggested, based on Smith v. F.W. Morse & Co., 76 F.3d 413 (1st Cir. 1996), and Howard v. Dorr Woolen Co., 120 N.H. 295 (1980), that no policy based on a statute that provides a remedy for the same injury may be used to support a wrongful termination claim. See, e.g., Weeden v. Sears Roebuck & Co., 1999 1209494 at *3 (D.N.H. May 25, 1999).  As Bliss v. Stow Mills, Inc., 146 N.H. 550, 553–54 (2001), which was decided after Howard and Smith, makes plain, however, the availability of a statutory remedy alone does not bar a wrongful discharge claim based on that statute's policy.

relief,'" the wrongful discharge claim cannot be dismissed. McLaughlin v. Boston Harbor Cruise Lines, Inc., 419 F.3d 47, 50 (1st Cir. 2005) (quoting Conley v. Gibson, 355 U.S. 41, 46 (1957)).

B.  Preemption

Dell also argues again that Schomburg's claims of breach of contract, misrepresentation, wrongful discharge, and negligent infliction of emotional distress are preempted by the remedies provided under the ADA and the FMLA.  As the court stated in the previous order, however, Dell has not sufficiently presented its preemption theory, and, in particular, has not addressed the savings clauses in those acts.  See, e.g., Liberty Cablevision of P.R., Inc. v. Mun. of Caquas, 417 F.3d 216, 220 (1st Cir. 2005) (discussing federal preemption of state law); Eiden v. Home Depot USA, Inc., 2006 WL 1490418 at *8 (E.D. Cal. May 26, 2006) (holding "it is clear that the [ADA] does not preempt state law where the state law provides 'greater or equal protection.'" citing 42 U.S.C. § 12201(b));  Nielsen v. New Cingular Wireless PCS, LLC, 2006 WL 240550 at *4 (D. Or. Jan. 31, 2006) (wrongful discharge claim not preempted by FMLA).

Conclusion

For the foregoing reasons, the defendant's motion for reconsideration (document no. 10) is denied.

SO ORDERED.

*Joseph A. DiClerico, Jr.*
Joseph A. DiClerico, Jr.
United States District Judge

October 4, 2006

cc: John E. Friberg, Jr., Esquire
    Bradley M. Lown, Esquire