UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


William Schomburg

     v.                              Civil No. 06-cv-177-JD

Dell, Inc.


O R D E R


     Following the court's order granting summary judgment in
favor of Dell, Inc., William Schomburg moves for reconsideration.
Schomburg contends that the court was mistaken about the date he
received his leave exhaustion notice and the date of his
termination from Dell and, as a result, failed to appreciate that
Dell's reason for terminating him was a pretext for
discrimination because he took leave under the Family and Medical
Leave Act ("FMLA").  Schomburg also contends that the court erred
in requiring him to provide evidence of his Americans with
Disabilities Act claim at the summary judgment stage and argues
that summary judgment was improperly granted on his state law
claims.  Dell opposes the motion.


Discussion

     To be successful on a motion for reconsideration, the moving
party must "clearly establish a manifest error of law or must
present newly discovered evidence."  FDIC v. World Univ. Inc.,

978 F.2d 10, 16 (1st Cir. 1992).  Such a motion is not a vehicle
for rearguing the party's case or raising new arguments that were
not, but could have been, made in the context of opposing the
dispositive motion.  <u>Marks 3 Zet-Ernst Marks GmBh & Co. KG v.
Presstek, Inc.</u>, 455 F.3d 7, 15 (1st Cir. 2006).

A.  <u>FMLA Claim</u>

Schomburg argues, as he did in opposing summary judgment,
that Dell fired him because he took FMLA leave.  He asserts that
Dell's expressed reason for firing him, that he failed to return
to work or to request and document the need for additional leave,
was a pretext.  As proof, Schomburg contends that his employment
was terminated on July 12, 2005, the last day of his leave, which
prevented him from returning to work or demonstrating his need
for additional leave.

Schomburg's theory is based on a telephone call he had on
July 12 with Victoria Musa, the Human Resources Director at Dell,
who told Schomburg that the process for his termination had
begun.  Schomburg interpreted that conversation to mean that he
was terminated at that time.  Although July 12 was the last day
of his leave, he had not attempted to comply with the
requirements for returning to work or for seeking additional
leave.

He argues that the record is disputed as to whether he received notification from Dell about the requirements for returning to work or extending his leave.  As is discussed in the order, however, the record shows that he received notice from Dell about the steps necessary for returning to work on July 11. He testified that he did not respond to Musa's statement that the termination process had begun because he felt that Dell no longer wanted him.

Despite his protestations to the contrary, Schomburg's deposition testimony establishes that he knew he was not terminated until July 20, 2005.  His subjective interpretation of his conversation with Musa and his reasons for not attempting to either return to work or comply with the requirements for extending his leave do not raise a factual dispute as to when Dell terminated his employment.  He does not and cannot argue that he attempted to return to work or to seek an extended leave before his leave expired, or afterward for that matter.

Schomburg bore the burden of showing that Dell terminated him because he took FMLA leave.  Colburn v. Parker Hannifin/Nichols Portland Div., 429 F.3d 325, 336 (1st Cir. 2005).  At the summary judgment stage, once Dell articulated a legitimate reason, Schomburg was obligated to come forward with sufficient evidence of a reason that violated the FMLA to create

3

a genuine issue of material fact.  <u>Id.</u> at 336–37.  Because
Schomburg's pretext theory depended on an early termination,
which is not supported by the record, summary judgment was
properly entered against him.

B.  <u>ADA Claim</u>

    Schomburg argues that he only needed "to indicate the
'proffered reason' is 'unworthy of belief'" to avoid summary
judgment on his ADA claim.  Mot. at 4.  He is mistaken.  Instead,
as is discussed in the order, Schomburg would first have had to
establish a prima facie case under the ADA, which he failed to
do.  <u>See, e.g.</u>, <u>Carmack v. Nat'l RR Passenger Corp.</u>, 486 F. Supp.
2d 58, 87 (D. Mass. 2007); <u>Laliberte v. BASF Bioressearch Co.</u>,
337 F. Supp. 2d 271, 275 (D. Mass. 2004).  Therefore, the issue
of pretext never arose, and summary judgment was appropriately
granted.

C.  <u>State Law Claims</u>

    Because the record shows that he was not terminated until
July 20, 2005, summary judgment was properly entered against
Schomburg on his breach of contract and misrepresentation claims.
Contrary to Schomburg's belief, he could have avoided summary
judgment and presented the issue of pretext to a jury only if he

4

could have shown, which he did not, that a material factual dispute existed as to the reason for his termination.  <u>See</u> <u>Azimi v. Jordan's Meats, Inc.</u>, 456 F.3d 228, 247 (1st Cir. 2006).

<u>Conclusion</u>

For the foregoing reasons, the plaintiff's motion for reconsideration (document no. 45) is denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

November 16, 2007

cc:  Kevin M. Fitzgerald, Esquire
     Christopher H. Hahn, Esquire
     Paul Lanagan, Esquire
     Bradley M. Lown, Esquire